# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK E. QUANEY,                  )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )     Case No. 11-1142-WEB-KGG
                                    )
DAVID VISE, *et al.*,               )
                                    )
            Defendants.             )
_____)

### ORDER ON IFP STATUS, REQUEST FOR COUNSEL, AND
### REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his Civil Complaint, Plaintiff Patrick Quaney filed a Motion to Proceed Without Payment of Fees (*IFP* Application) (Doc. 3, sealed) and Motion for Appointment of Counsel (Doc. 4). Having reviewed Plaintiff's submissions, including his Complaint (Doc. 1), the Court is prepared to rule on Plaintiff's motion and issue further recommendations.

**I.      Application to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. See **Yellen v. Cooper**, 82 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 79 years old and single, with no dependents. (Doc. 3, sealed, at 1-2.) He is currently unemployed and lists modest monthly Social Security benefits. (*Id*., at 3, 6.) He lists little cash on hand. (*Id*., at 5.) He owns a very modest automobile, but does he own real property. (*Id*., at 4, 5.) He lists the typical expenses, including a very modest amount for monthly rent and various utilities. (*Id*., at 6.)

Based on the information contained in Plaintiff's affidavit, his monthly income (which consists entirely of assistance from government programs) exceeds his monthly expenses by only a few dollars. He has established that he has significant yet reasonable monthly expenses with limited income. Given his

financial circumstances, the Court finds that Plaintiff's access to the Courts would otherwise be seriously impaired and that he is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Request for Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Id.,* at 1421.

The Court does not dispute that Plaintiff has a limited ability to afford

counsel. As discussed in the Court's Order granting Plaintiff's *IFP* application (*supra*), Plaintiff's financial status is consistent with the appointment of counsel. He has not, however, engaged in a reasonable search for counsel. According to the documents attached to his motion (Doc. 4), Plaintiff has contacted only one law firm regarding representation. Had Plaintiff used the form motion supplied by the Clerk's office, he would have been aware that he is required to contact six attorneys.

Even assuming Plaintiff had contacted the requisite number of attorneys, the Court has serious concerns regarding the third *Castner* factor – the merits of his case. (*See* § III, *infra*.) As such, the Court **DENIES** Plaintiff's request for the appointment counsel in this case.[1]

## III.   Sufficiency of the Complaint.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action

---

[1] Should Plaintiff appeal this Court's recommendation to the District Court – and should the District Court disagree with this Court's recommendation – Plaintiff will be required to contact an additional five (5) attorneys to seek representation as required by the form Motion for Appointment of Counsel before any renewed motion to appoint counsel will be entertained by the undersigned Magistrate.

(1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[2] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however,

---

[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." **Fisher**, 531 F. Supp.2d at 1260 (emphasis added) (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell**

*Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In filing the present case, Plaintiff completed the general Civil Complaint form provided by the Clerk of the Court suing various Defendants. (*See generally* Doc. 1.) The Complaint alleges "medical malpractice based on the negligent administering of medication resulting in renal failure." (*Id*., at 3.) Unfortunately for Plaintiff, all of the identified Defendants are Kansas residents. Further, Plaintiff brings no civil rights claims or other causes of action created by federal

statute or regulation. (*See generally*, *id*.) As such, there is no federal question jurisdiction and no diversity of citizenship.[3] Regardless of the harm that Plaintiff may have suffered as a result of the care he received from Defendants, his Complaint (Doc. 1) fails to state a claim upon which relief may be granted in federal court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**FURTHER, IT IS RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e).

**IT IS FURTHER ORDERED** that the clerk need not serve the Complaint upon Defendants. See **Henriksen v. Bentley**, 644 F.2d 852 (10th Cir. 1981).

A copy of the recommendation shall be sent to Plaintiff *via* certified mail.

---

[3] In the context of statements made by counsel who chose not to represent Plaintiff, the Court also has concerns regarding a potential statute of limitations issue in this case. (*See* Doc. 4, at 2.)

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 2nd day of September, 2011.

          s/ KENNETH G. GALE
          KENNETH G. GALE
          United States Magistrate Judge