IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

PATRICK E. QUANEY, )
)
Plaintiff, )
)
v. ) Case No. 11-1142-WEB
)
DAVID VISE, *et al.,* )
)
Defendants. )

Memorandum and Order

Plaintiff Patrick Quaney filed the above titled case against numerous defendants, including David Vise, Meridian Nursing and Rehabilitation Center, Dr. Solomon Ashfaq, and Jon Choi. Quaney raises a claim of medical malpractice in the administration of medication. Quaney filed a Motion to Appoint Counsel and a Motion to Proceed in forma pauperis. After initially considering the complaint, Magistrate Judge Gale issued a Report and Recommendation (Doc. 5), finding that Quaney should be allowed to proceed IFP, and denying Quaney's request for counsel. The report recommends dismissal of the case pursuant to 28 U.S.C. § 1915(e), as the parties are all Kansas residents, and Quaney does not allege a cause of action under Federal law, statute, or regulation. Objections to the Report and Recommendation were due on September 16, 2011, Quaney did not file an objection.

The District Court is a court of limited jurisdiction. Federal subject matter jurisdiction may arise under 28 U.S.C. § 1331 when the subject matter of the claim involves a "federal question," such as an action arising under the Constitution, laws or treaties of the United States. It may also arise under 28 U.S.C. § 1332, when the parties in a suit are citizens of different states. A case "arises under" federal law pursuant to Section 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

right to relief depends on resolution of a substantial question of federal law." Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

In this case, Quaney claims the defendants committed medical malpractice. This Court may have jurisdiction of a medical malpractice action when the parties are diverse, however, Quaney does not claim diversity of citizenship. The information provided on the complaint and the civil cover sheet allege that the parties are all citizens of Kansas, or a business with the principal place of business in Kansas.

The Recommendation and Report correctly stated that the court employs the same standard of review for dismissal under § 1915(e)(2)(B)(ii) that is applicable to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6), which need not be repeated here. It found that all the identified defendants are Kansas residents, and Quaney is a Kansas resident. It further found that Quaney did not claim civil rights or other causes of actions under federal law. The report recommended dismissal for failure to state a claim, as Quaney has not shown federal question jurisdiction or diversity of citizenship. For the reasons set forth in the Report and Recommendation, the action will be dismissed for failure to state a claim.

Accordingly, the Report and Recommendation of Judge Gale is adopted and affirmed in its entirety. This action is dismissed without prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 21st day of September, 2011.

          s/ Wesley E. Brown  
          Wesley E. Brown  
          Senior United States District Court Judge